**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Baker, | ) No. CV 07-1553-PHX-MHM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| City of Tempe, Arizona, et al., | ) |
| Defendants. | ) |

Now pending before the Court is Defendants Chuck Schoville, Brandon Banks, and Jason Wolf's Motion to Dismiss Counts I, II, and III as alleged against them (Doc. 11). Plaintiff has filed a Response (Doc. 12)[1] and Defendants have filed a Reply (Doc. 13). The Court has considered the papers submitted and issues the following Order.

---

[1] It appears that Plaintiff e-filed a copy of the Complaint rather than his Response at Doc. 12. However, the Court received a courtesy copy of Plaintiff's Response, which it fully considered in deciding the instant Motion. On May 12, 2008, the Clerk's Office issued a Notice of Filer Deficiency indicating that the incorrect document had been e-filed and gave Plaintiff until May 14, 2008 to re-file the appropriate document – his Response. In his Motion, for leave, Plaintiff's counsel indicates that he was in the process of moving his office and did not receive the notice in time to meet the May 14, 2008 deadline. Plaintiff seeks leave to re-file his Response three days beyond the Clerk's Office's deadline. The Court grants Plaintiff's Motion and directs the Clerk's Office to file Attachment 1 to Document 28.

BACKGROUND

On January 4, 2007, the City Clerk of the City of Tempe was served with a Notice of Claim from attorney Howard Schwartz on behalf of the Plaintiff, Louis Baker. In that Notice of Claim, the Plaintiff asserts that he "intends to bring causes of action against the City of Tempe and the Tempe Police Department . . . ."

On August 20, 2007, Plaintiff filed his original Complaint naming as Defendants the City of Tempe and individuals Chuck Schoville, Brandon Banks, and Jason Wolf (the "Individual Defendants"). Plaintiff subsequently filed a First Amended Complaint wherein he names the same Defendants. In both Complaints, Plaintiff alleges violations of 42 U.S.C. § 1983 (Counts I and IV) and state law tort claims of Intentional Infliction of Emotional Distress (Count II), Invasion of Privacy (Count III), and Defamation (Count IV). It appears that all of the state law tort claims are being asserted against all of the individually-named Defendants.

DISCUSSION

In their Motion to Dismiss, the Individual Defendants argue that Plaintiff's state law claims are barred because Plaintiff failed to file a notice of claim with any of the Individual Defendants as required by Arizona Revised Statute Section 12-821.01.[2] As an initial matter, Defendants moved to dismiss Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. However,

---

[2] Section 12-821.01 of the Arizona Revised Statute states as follows:

Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

1 the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a
2 matter in abatement, which is subject to an unenumerated 12(b) motion to dismiss. Wyatt
3 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure
4 to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide
5 disputed issues of fact. Id. at 1119-20. Although Wyatt involved a Section 1983 claim in
6 the context of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, the guidelines
7 established with regard to the exhaustion of administrative remedies and the Court's ability
8 to look beyond the pleadings are equally applicable in the instant case. The requirement of
9 filing a notice of claim with the state is mandatory and must be complied with before a
10 plaintiff can maintain a cause of action against it. Pritchard v. State, 788 P.2d 1178, 1183
11 (Ariz.1990). Furthermore, the statutory notice requirements with respect to filing a notice
12 of claim are procedural, rather than jurisdictional. Id. at 1181, 1183. Therefore, Defendants'
13 Motion to Dismiss will be treated as an unenumerated 12(b) motion, permitting this Court
14 to look beyond the pleadings to consider the allegations and exhibits contained within
15 Defendants' Motion and Plaintiff's Response.

16 The Individual Defendants argue that Plaintiff's state law claims should be dismissed
17 as against them because Plaintiff did not file a notice of claim with the Individual
18 Defendants. Arizona's notice of claim statute, A .R.S. § 12-821.01, requires anyone with a
19 claim against a public entity or employee to file notice of the claim with the public entity or
20 employee prior to initiating legal proceedings. See Tryon v. Avra Valley Fire Dist., 659
21 F.Supp. 283, 284 (D.Ariz. 1986); Pritchard, 788 P.2d at 1183. The claim must contain facts
22 that will sufficiently enable the public entity or public employee to appreciate the basis of
23 liability upon which the claim is founded. A.R. S. § 12-821.01(A). A specific amount for
24 which the claim can be settled must also be included in the claim, along with facts supporting
25 that amount. Id. Failure to file a notice of claim meeting the requirements of section
26 12-821.01(A) within 180 days after the accrual of the cause of action bars a claimant from
27 proceeding on his or her state law claims against a public entity or public employee. Id.
28

In support of their position, Defendants cite Harris v. Cochise Health Systems, 215 Ariz. 344, 160 P.3d 223 (App. 2007). The court in Harris, stated that when a claim is asserted against a public employee and his or her employer, the claimant "must give notice to both the employee individually and to his employer. Id. (quoting Crum v. Superior Court, 922 P.2d 316, 317 (Ariz. App. 1996). Compliance with the mandates of this statute is mandatory and "is not cured by actual notice or substantial compliance." Id. at 231, ¶ 25. Failure to comply with the statute "bars any claim against the . . . employee." Id. (quotations and citations omitted).

Plaintiff did not serve a Notice of Claim directly on any of the Individual Defendants. Nor did Plaintiff name the Individual Defendants as potential litigants in the Notice of Claim he sent to the City. Nevertheless, Plaintiff asserts two arguments in support of his state law claims against the Individual Defendants.

First, Plaintiff contends that there is an unanswered question here as to whether the City Clerk, who is authorized to accept service, passed along copies of the claim through the chain of command to these City employees. Therefore, Plaintiff asserts that the Court should put off consideration of the instant Motion until additional discovery can take place to determine whether the individuals were, in fact, notified of the claim having been made.

As stated above, the Notice of Claim Plaintiff sent to the City, states that "[n]otice is hereby given pursuant to A.R.S. § 12-821.01 that Mr. Baker intends to bring causes of action against the City of Tempe and the Tempe Police Department for the intentional tort and emotional and mental impairment. See Mot. To Dismiss Exh. A. Plaintiff does not mention in the Notice of Claim that he intends to bring any cause of action against any of the individually-named Defendants. Nor does he even mention Mr. Banks or Mr. Wolf in the Notice. Plaintiff mentions Officer Schoville, but only to say that Officer Schoville stopped him for littering. Thus, there is no indication in the Notice of Claim, sent to the City, that Plaintiff intended to bring suit against the Individual Defendants. Therefore, additional discovery to determine whether the letter was shown to the Individual Defendants, as Plaintiff requested, is unnecessary.

Next, Plaintiff argues that the Notice of Claim filed with the City was sufficient to provide the Individual Defendants with constructive notice of Plaintiff's claim against them. Plaintiff bases his constructive notice argument on Plaintiff's service of a Notice of Claim on the City of Tempe, which Plaintiff contends should have put the Individual Defendants on notice of the claim against them and on a number of articles printed in the newspaper about the incident.

The authority Plaintiff cites for his "constructive notice" argument includes four out-of-state cases, namely, Brasher v. City of Birmingham, 341 So.2d 137 (Ala. 1976), Elias v. San Bernardino County Flood Control District, 135 Cal. Rptr. 621 (4th Dist. 1977), Matley v. Bethlehem Central School Dist., 391 N.Y.S. 2d 357 (Sup. 1977), judgment aff'd 405 N.Y.S. 2d 156 (3d Dept. 1978), and Landis v. City of Philadelphia, 369 A.2d 746 (1976).

In Brasher, the court found there was substantial compliance with the notice of claim statute because the plaintiff filed a notice of claim with the mayor's office and included a copy to be delivered to the city attorney's office. 341 So. 2d at 138. Similarly, the court in Elias found substantial compliance when the notice of claim was filed with the county rather than the flood control district because the members of the county board were the same as those of the flood control district. 135 Cal. Rptr. at 625-26. In Matley, the court liberally construed the time to serve a notice of claim because the plaintiff was unaware of the 90 day statutory requirement to file a notice of claim. 391 N.Y.S. 2d at 360. In Landis, the court held that it was improper to dismiss an action against a municipality for failure to comply with a notice requirement within the statutory six months allowed for such a notice without first determining if the noncompliance was excusable and whether hardship or prejudice resulted therefrom. 369 A.2d at 519-20.

These cases address notice of claim statutes in other states, not the Arizona notice of claim statute. The second two cases address the statute of limitations for service of a notice of claim and are not applicable to the instant case. The first two find that substantial compliance is sufficient to put a party on notice. Both are distinguishable from the instant case. Here, the Individual Defendants are not named as potential claimant in the Notice of

- 5 -

1  Claim sent to the City.  Nor is there evidence that Plaintiff asked that the Notice of Claim be
2  forwarded to the Individual Defendants or that the City Clerk place the Individual
3  Defendants on notice.  Finally, Plaintiff has cited no authority to show that a newspaper
4  article is sufficient to put a potential litigant on notice.  The cases Plaintiff cites that find
5  substantial compliance are based on notice of claim letters that were directed to the
6  defendants and enabled the defendants to know what the basis of liability upon which the
7  claims were founded.  Here, even if the Individual Defendants somehow received a copy of
8  the Notice of Claim, the Notice would not have enabled them to know that they were
9  potential litigants, nor the nature of the claims against them as individuals.  Furthermore, the
10 Court does not find the newspaper articles Plaintiff has cited sufficient to put the Individual
11 Defendants on notice, even under a substantial compliance standard.  Therefore, Plaintiff has
12 not met his burden of putting the Individual Defendants on notice under the substantial
13 compliance standard.

14     Moreover, Plaintiff has not cited authority to support that the Arizona statute is
15 liberally construed, nor that "substantial compliance" will suffice with regard to notifying
16 potential litigants.  In contrast to the cases Plaintiff has cited, Arizona courts have held that
17 the Notice of Claim Statute is not liberally construed.  Thus, Arizona courts have held as
18 follows:

> Compliance with the notice provision of § 12-821.01(A) is a "mandatory" and "essential" prerequisite to such an action . . . ." <u>Salerno v. Espinoza</u>, 210 Ariz. 586, ¶ 7, 115 P.3d 626, 628 (App. 2005).  Failure to comply with the statute is not cured by actual notice or substantial compliance.  <u>Falcon ex rel. Sandoval v. Maricopa County</u>, 213 Ariz. 525, ¶ 10, 144 P.3d 1254, 1256 (2006).  Rather, the plaintiff's failure "'bars any claim'" against the entity or employee.  <u>Salerno</u>, 210 Ariz. 586 ¶ 7, 115 P.3d at 628, <u>quoting</u> <u>W. Corrs. Group, Inc. v. Tierney</u>, 208 Ariz. 583, ¶ 7, 96 P.3d 1070, 1072 (App. 2004).

<u>Harris</u>, 160 P.3d at 231, ¶ 25.  Therefore, even if Plaintiff could establish it, substantial compliance would be insufficient to meet Arizona's notice of claim statute.

CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** granting the Individual Defendants' Motion to Dismiss the State Law Claims against them (Doc. 11). Thus, Counts II, III, and IV are dismissed as to Defendants Schoville, Banks, and Wolf.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to Re-file Prior Pleading Out of Time (Doc. 28) and directing the Clerk's Office to file Attachment 1 to Document 28 as Plaintiff's Response to Defendant's Motion to Dismiss.

DATED this 28th day of May, 2008.

_____
Mary H. Murgula
United States District Judge